Claire S. Strauss v. Commissioner.
Strauss v. Commissioner
Docket No. 111094.
United States Tax Court
1943 Tax Ct. Memo LEXIS 315; 2 T.C.M. (CCH) 19; T.C.M. (RIA) 43217; May 7, 1943
*315 Arthur J. Harzfeld, Esq., and Walter J. Hollings, C.P.A., 1115 Russ Bldg., San Francisco, Calif., for the petitioner. Thomas M. Mather, Esq., for the respondent. SMITH Memorandum Opinion SMITH, Judge: This proceeding is for the redetermination of a deficiency of $1,034.85 in petitioner's income tax for 1940. Petitioner alleged that the respondent erred in disallowing (1) a long-term capital loss of $2,673.34, and (2) "expenses incurred in connection with the collection of, and recording of, income received, totaling $375.08." The capital loss item relates to a sale by petitioner securities to her husband, who was securities broker. The respondent has determined that the loss on the transaction is nondeductible under section 24 (b) (1) (A) of the Internal Revenue Code. The expense item of $375.08 is made up of accountant's fees $312.50, safe deposit box rent and tax thereon $55.50, and miscellaneous $7.08. [The Facts] Petitioner is the wife of J. S. Strauss, a dealer in securities, whose office is located at 155 Montgomery Street, San Francisco, California. They were married in February, 1937. At the time of her marriage petitioner had property of her own and has since maintained *316 her separate estate. Petitioner's husband conducts his securities business as a sole proprietorship under the name of J. S. Strauss & Co. He buys and sells securities both for himself and for customers. He deals principally in unlisted securities of a local character and is known in the business as a "position trader," a term which is applied to a dealer who establishes and maintains a market for certain securities on the basis of the supply and demand as determined by him. He has been engaged in the brokerage business since 1935 and his office has become the main market place for such local securities, particularly those of smaller capitalization. On February 16, 1939, petitioner purchased from J. S. Strauss & Co. 200 shares of stock of Leamington, Inc., a corporation which operated a hotel in Oakland, California, at $34 a share, or a total purchase price of $6,800. On December 19, 1940, petitioner sold those 200 shares of Leamington, Inc. stock back to J. S. Strauss & Co. at its then market value of $14 a share, or a total net sale price of $2,790. Petitioner thus sustained a loss of $4,010. A few shares of the same stock were purchased by J. S. Strauss & Co. in small lots in *317 August, October, and November, 1940, at the same price. Ten shares were purchased at that price from American Trust Co. on the same date, December 19, 1940, on which petitioner sold her shares. Petitioner concedes that she sold the shares in question for the purpose of a tax deduction. [Opinion] Section 24 (b) of the Internal Revenue Code provides in part that: SEC. 24. ITEMS NOT DEDUCTIBLE. * * * * *
(b) Losses from sales or exchanges of property. - (1) Losses disallowed. - In computing net income no deduction shall in any case be allowed in respect of losses from sales or exchanges of property, directly or indirectly - (A) Between members of a family, as defined in paragraph (2) (D); * * * * *
(D) The family of an individual shall include only his brothers and sisters (whether by the whole or half blood), spouse, ancestors, and lineal descendants; * * * It is too plain for questioning, we think, that the transaction under consideration falls squarely within the quoted provisions of the statute. Petitioner admits that her husband operated J. S. Strauss & Co. as a sole proprietorship. The sale of the shares in question was therefore a sale to her husband. Petitioner *318 argues that the statute should not be applied in the circumstances here because of the fact that her husband was a dealer in securities and not a mere investor. We know of no authority or reason for such an exception to the general rule established by the statute. The law denies the deduction of all losses from the sale or exchange of property between members of a family. Neither the fact that petitioner's husband was a dealer in securities nor the fact that he paid petitioner the full market price for the securities purchased from her offers any reason for not applying the provisions of the statute. Petitioner cites the case of Pauline Ickelheimer, 45 B.T.A. 478; affd., 132 F.2d 660. That case involved facts materially different from those in the instant case. There, the taxpayer's husband, as her attorney-in-fact, sold securities for her through a broker and a few days later, in his capacity as trustee for a trust of which she was the life beneficiary, purchased similar securities through a broker. We held that this was not a sale of securities indirectly by the taxpayer to her husband and that the deduction of taxpayer's *319 loss on the sale was not forbidden by statute. We have no facts upon which we can make a determination as to the deductibility of the expense item of $375.08 involved in issue (2). Counsel for the respondent stated at the hearing that he was willing to concede that the items set out above as comprising the total $375.08 were expended by petitioner in connection with earning both taxable and nontaxable income but in what amounts or in what proportion he did not know; that petitioner's return showed taxable income of $31,210.81, and that his (counsel's) information was that petitioner had nontaxable income of $10,883.21. He stipulated nothing more. Petitioner does not argue this issue in her brief. On the facts of record we must sustain the respondent's determination that the deductions claimed are not allowable. Decision will be entered for the respondent.